IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER A. JANCZAK** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 24-3274 |
| | : | |
| **FEDERAL NATIONAL MORTGAGE** | : | |
| **ASSOCIATION d/b/a FANNIE MAE** | : | |

# ORDER

**AND NOW**, this 26th day of November 2024, upon consideration of appellant's certificate of appeal (DI 1), the original bankruptcy record (DI 2), appellant's brief (DI 7), appellee's brief (DI 11), appellant's reply (DI 14), and supplemental briefing (DI 16; DI 18), and following oral argument on November 25, 2024, it is **ORDERED** that appellant's appeal is **DENIED**.

And it is further **ORDERED** that appellant's motions to stay (DI 4, DI 6) are **DENIED** as moot. The Clerk of Court shall **close** the case.

1. The precise issue raised on appeal was: "Whether the Bankruptcy Court erred as a matter of law and/or abused its discretion in granting relief from the automatic stay to Appellee Federal National Mortgage Association after Appellant Christopher A. Janczak withdrew the reference so that the substantive case, formerly brought as an adversary proceeding to determine ownership of the real property at issue, could be adjudicated in District Court." DI 7 at 6. Put another way, did Mr. Janczak's withdrawal of the reference in the adversary matter affect the bankruptcy court's jurisdiction to grant the motion for relief from stay? The answer is no. Mr. Janczak's withdrawal of the reference in the adversary matter did not affect the jurisdiction of the bankruptcy court to grant relief from the automatic stay. Fed. R. Bankr. P.

5011(c) dictates that the filing of a motion for withdrawal of a case "shall not stay the administration of the case or any proceeding therein before the bankruptcy judge." Moreover, the adversary matter was filed as a separate case from the underlying bankruptcy petition (i.e., No. 24-49 [adversary proceeding] and No. 24-10428 [bankruptcy petition]). And the adversary matter comes to us on a different case number than the appeal (i.e., No. 24-mc-38 [adversary proceeding] and No. 24-3274 [bankruptcy appeal]). We understand these proceedings, while related, are separate. Therefore, the bankruptcy court did not err by ruling on the request for relief from stay.

    2.    In supplemental briefing, appellant's argument shifted to one of due process. Appellant argued that the bankruptcy court's "telephonic hearing on FNMA's Motion for Relief from the Automatic Stay and Janczak's opposition thereto" was not sufficient due process under the Constitution. DI 16. At oral argument, appellee's counsel argued that we should not consider the due process issue as it was not the issue raised on appeal. We agree but also note that evidentiary hearings are only required if there are genuine disputes of material fact. At oral argument, appellant's counsel described the disputed fact as whether the party seeking ejectment is the same party that has title to the property. However, the bankruptcy court saw that as a dispute of law – "that the alleged transfer to the movant is invalid." DI 14 at 7. We agree. Accordingly, that argument "should have been raised at the time that [appellant] had state court litigation." *Id.* Therefore, we see no issue with the bankruptcy court granting FNMA's motion for relief from the automatic stay via telephonic hearing.

    3.    Finally, to the extent Mr. Janczak requests us to intervene in a pending state court action (i.e., the ejectment action), we are prohibited from doing so by the Anti-Injunction Act,

28 U.S.C. § 2283.  "[T]he Act is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977).  No such exception seems applicable here.  *See e.g.*, *Gangoo v. Fed. Home Loan Mortg. Corp.*, No. 17-227, 2017 WL 679972, at *8 (M.D. Pa. Feb. 21, 2017) (finding that the Anti-Injunction Act precluded the district court from granting an emergency TRO to stop an ejection); *Reisinger v. Cronauer*, No. 19-1260, 2019 WL 3302242, at *4 (M.D. Pa. July 23, 2019) (holding that the Anti-Injunction Act deprived federal district courts from staying ejectment proceedings in state court).

*[signature]*

**MURPHY, J.**