United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 24-10428-amc |
| Christopher A Janczak | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Dec 26, 2024 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 28, 2024:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Christopher A Janczak, 790 Hopewell Road, Downingtown, PA 19335-1217 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 28, 2024        Signature:    /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 26, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| DENISE ELIZABETH CARLON | on behalf of Creditor FEDERAL NATIONAL MORTGAGE ASSOCIATION D/B/A FANNIE MAE bkgroup@kmllawgroup.com |
| DENISE ELIZABETH CARLON | on behalf of Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION D/B/A FANNIE MAE bkgroup@kmllawgroup.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com  philaecf@gmail.com |
| SHARON S. MASTERS | on behalf of Plaintiff Christopher A Janczak shmasters@hotmail.com  G65312@notify.cincompass.com |
| SHARON S. MASTERS | on behalf of Debtor Christopher A Janczak shmasters@hotmail.com  G65312@notify.cincompass.com |

| District/off: 0313-2 | User: admin | Page 2 of 2 |
| Date Rcvd: Dec 26, 2024 | Form ID: pdf900 | Total Noticed: 1 |

United States Trustee
           USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTOPHER A. JANCZAK** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 24-3274 |
| | : | |
| **FEDERAL NATIONAL MORTGAGE** | : | |
| **ASSOCIATION d/b/a FANNIE MAE** | : | |

# ORDER

AND NOW, this 26th day of November 2024, upon consideration of appellant's certificate of appeal (DI 1), the original bankruptcy record (DI 2), appellant's brief (DI 7), appellee's brief (DI 11), appellant's reply (DI 14), and supplemental briefing (DI 16; DI 18), and following oral argument on November 25, 2024, it is **ORDERED** that appellant's appeal is **DENIED**.

And it is further **ORDERED** that appellant's motions to stay (DI 4, DI 6) are **DENIED** as moot. The Clerk of Court shall **close** the case.

1. The precise issue raised on appeal was: "Whether the Bankruptcy Court erred as a matter of law and/or abused its discretion in granting relief from the automatic stay to Appellee Federal National Mortgage Association after Appellant Christopher A. Janczak withdrew the reference so that the substantive case, formerly brought as an adversary proceeding to determine ownership of the real property at issue, could be adjudicated in District Court." DI 7 at 6. Put another way, did Mr. Janczak's withdrawal of the reference in the adversary matter affect the bankruptcy court's jurisdiction to grant the motion for relief from stay? The answer is no. Mr. Janczak's withdrawal of the reference in the adversary matter did not affect the jurisdiction of the bankruptcy court to grant relief from the automatic stay. Fed. R. Bankr. P.

5011(c) dictates that the filing of a motion for withdrawal of a case "shall not stay the administration of the case or any proceeding therein before the bankruptcy judge." Moreover, the adversary matter was filed as a separate case from the underlying bankruptcy petition (i.e., No. 24-49 [adversary proceeding] and No. 24-10428 [bankruptcy petition]). And the adversary matter comes to us on a different case number than the appeal (i.e., No. 24-mc-38 [adversary proceeding] and No. 24-3274 [bankruptcy appeal]). We understand these proceedings, while related, are separate. Therefore, the bankruptcy court did not err by ruling on the request for relief from stay.

       2.      In supplemental briefing, appellant's argument shifted to one of due process. Appellant argued that the bankruptcy court's "telephonic hearing on FNMA's Motion for Relief from the Automatic Stay and Janczak's opposition thereto" was not sufficient due process under the Constitution. DI 16. At oral argument, appellee's counsel argued that we should not consider the due process issue as it was not the issue raised on appeal. We agree but also note that evidentiary hearings are only required if there are genuine disputes of material fact. At oral argument, appellant's counsel described the disputed fact as whether the party seeking ejectment is the same party that has title to the property. However, the bankruptcy court saw that as a dispute of law – "that the alleged transfer to the movant is invalid." DI 14 at 7. We agree. Accordingly, that argument "should have been raised at the time that [appellant] had state court litigation." *Id.* Therefore, we see no issue with the bankruptcy court granting FNMA's motion for relief from the automatic stay via telephonic hearing.

       3.      Finally, to the extent Mr. Janczak requests us to intervene in a pending state court action (i.e., the ejectment action), we are prohibited from doing so by the Anti-Injunction Act,

28 U.S.C. § 2283.  "[T]he Act is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act."  *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977).  No such exception seems applicable here.  *See e.g.*, *Gangoo v. Fed. Home Loan Mortg. Corp.*, No. 17-227, 2017 WL 679972, at *8 (M.D. Pa. Feb. 21, 2017) (finding that the Anti-Injunction Act precluded the district court from granting an emergency TRO to stop an ejection); *Reisinger v. Cronauer*, No. 19-1260, 2019 WL 3302242, at *4 (M.D. Pa. July 23, 2019) (holding that the Anti-Injunction Act deprived federal district courts from staying ejectment proceedings in state court).

_____
MURPHY, J.

3